**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4923**

———————

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

    v.

JOSEPH KENNARD SHELTON,

          Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:11-cr-00397-WO-1)

———————

Submitted: June 6, 2013           Decided: July 5, 2013

———————

Before KING, FLOYD, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, Federal Public Defender, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Stephen T. Inman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury indicted Joseph Kennard Shelton for bank robbery, in violation of 18 U.S.C. § 2113(a) (2006), and armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d) (2006). Prior to trial, Shelton moved to suppress the evidence seized the day of his arrest, asserting that the officers who stopped him did not have reasonable suspicion to perform a Terry[*] stop and frisk. The district court denied his motion, and found Shelton guilty of the offenses following a bench trial. The district court sentenced Shelton to a total of 156 months of imprisonment and he now appeals. Finding no error, we affirm.

On appeal, Shelton argues that the district court erred in denying his suppression motion. "In reviewing a district court's ruling on a motion to suppress, we review the court's factual findings for clear error, and its legal conclusions de novo." United States v. Cain, 524 F.3d 477, 481 (4th Cir. 2008) (citation omitted). When the district court denies a defendant's suppression motion, we construe the evidence in the light most favorable to the government. United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005).

"[A]n officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer

---

[*] Terry v. Ohio, 392 U.S. 1 (1968).

has a reasonable, articulable suspicion that criminal activity is afoot." Illinois v. Wardlow, 528 U.S. 119, 123 (2000) (citing Terry, 392 U.S. at 30). "Moreover, if the officer has a reasonable fear for his own and others' safety based on an articulable suspicion that the suspect may be armed and presently dangerous, the officer may conduct a protective search of, i.e., frisk, the outer layers of the suspect's clothing for weapons." United States v. Holmes, 376 F.3d 270, 275 (4th Cir. 2004) (quoting Terry, 392 U.S. at 30-31) (internal quotation marks omitted).

The officer must have "at least a minimal level of objective justification for making the stop" and "must be able to articulate more than an inchoate and unparticularized suspicion or hunch of criminal activity." Wardlow, 528 U.S. at 123-24 (internal quotation marks and citations omitted). Courts assess the legality of a Terry stop under the totality of the circumstances, giving "due weight to common sense judgments reached by officers in light of their experience and training." United States v. Perkins, 363 F.3d 317, 321 (4th Cir. 2004) (citation omitted). Applying these principles, we conclude that the arresting officers had reasonable suspicion to stop Shelton and frisk him for weapons.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and

3

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED